# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Lori Cronin | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| National Credit Works, Inc. | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Cincinnati, Ohio at all times relevant to this action.

2. Defendant is a New York corporation that maintained its principal place of business in North Tonawanda, New York at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation allegedly owed to Providian, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) because Defendant has alleged that Plaintiff owes the debt.

12. On or around May 5, 2010, Defendant telephoned Plaintiff's mother ("Marge") and left a voice message in connection with a debt collection without Plaintiff's consent.

13. During this communication, Defendant falsely represented to Marge that Defendant was calling Plaintiff regarding a civil lawsuit against Plaintiff.

14. At the time of this communication, no lawsuit had been initiated against Plaintiff with respect to the debt.

15. Defendant caused Plaintiff emotional distress.

16. Defendant violated the FDCPA.

## COUNT ONE

17. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

18. In support hereof, Plaintiff incorporates paragraphs 12-14 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

20. In support hereof, Plaintiff incorporates paragraphs 12-14 as if specifically stated herein.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

MACEY & ALEMAN, P.C.


By: */s/ Jeffrey S. Hyslip*
    Jeffrey S. Hyslip
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 1.866.339.1156
    jsh@legalhelpers.com
    *Attorneys for Plaintiff*